■    In the Matter of DAVID R. MAIMAN, Petitioner, v. JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, et al., Respondents.— HERLIHY, J. Proceeding under CPLR article 78 to review a determination of the Board of Regents which suspended petitioner from the practice of professional engineering for a period of six months. The petitioner is a professional engineer charged with fraud or deceit, or gross negligence, incompetency or misconduct in the practice of professional engineering, and unprofessional conduct. The charges stem from a letter sent by the petitioner to the Hempstead Building Department on March 1, 1961 which stated: "The piles, pile caps, grade beams and concrete floor of the above captioned building [have] been installed in general conformity with our design foundation plan as filed with the Building Department." Thereafter, as the result of the partial sinking of a house on the stated premises, an investigation was instituted and resulted in the present charges. Experts testified on behalf of the petitioner and the Board of Regents in this somewhat technical field of engineering. After the original hearing and decision, the matter was reopened to allow petitioner to present additional expert testimony. At the conclusion thereof, the board reaffirmed its prior decision and recommended that the penalty be reduced from one year to six months. On this appeal, the petitioner contends that there is no substantial evidence to sustain the finding of gross negligence or unprofessional conduct. There was testimony from qualified experts as to the necessity for the work which the petitioner stated in his letter had been completed in general conformity with the plans. There was a difference of opinion as to whether the work had been done and, if so, whether properly and in conformity with the plans. Without the necessity of reviewing in detail, in this decision, all of the expert testimony, it is sufficient to state that on this record issues were raised as to the conduct of the petitioner acting in his professional capacity and that the board could find that the statements in the letter as to the installations were in fact false and constituted fraud and deceit, and that his certification, under the circumstances, constituted unprofessional conduct. The record, as a whole, contains substantial evidence to sustain the board's findings. Determination confirmed and petition dismissed, with costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Herlihy, J.